**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12604

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GALINA ROZENBERG,

a.k.a. Galina Shevchenko,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80022-DSL-4

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Galina and Michael Rozenberg pleaded guilty to conspiracy charges related to their scheme to defraud Medicare.  After the

district court entered two preliminary forfeiture orders, Galina Vorobieva filed a third-party claim of ownership of the money the district court ordered forfeitable in the Rozenbergs' case. The district court rejected Vorobieva's claim. Vorobieva now appeals arguing that (1) the district court lacked subject matter jurisdiction over her third-party claim and (2) the money at issue was not traceable to the Rozenbergs' fraud. After careful review, we affirm because the district court had jurisdiction and Vorobieva lacks standing to challenge the forfeitability of the money at issue.

## I.    Background

Galina Rozenberg pleaded guilty to one count of conspiracy to commit health care fraud and Michael Rozenberg pleaded guilty to one count of conspiracy to commit health care fraud and wire fraud. The Rozenbergs admitted to submitting false claims to Medicare for medically unnecessary laboratory services that were ineligible for reimbursement.

After it accepted the Rozenbergs' guilty pleas, the district court entered a preliminary forfeiture order that included a $5,714,433 forfeiture money judgment against the Rozenbergs. The district court also directed the government to conduct the necessary discovery to identify and locate the forfeitable property. Upon the government's motion, the district court then entered a second preliminary forfeiture order that authorized law enforcement to seize approximately $2.1 million in a Synovus Bank account because some of the funds were directly traceable to the Rozenbergs' fraud and the remainder was forfeitable as substitute

property given the government's inability to locate all the directly forfeitable property.

Vorobieva then filed a third-party claim, asserting that she owned $425,000 of the funds in the Synovus account. After a final forfeiture hearing, the district court determined that the Rozenbergs, not Vorobieva, owned the $425,000 Vorobieva claimed in the Synovus account. Accordingly, the district court denied Vorobieva's third-party claim.

Vorobieva appealed.

## II.    Discussion

Vorobieva argues on appeal that (1) the district court lacked subject matter jurisdiction over the forfeiture proceedings and (2) the second preliminary forfeiture order relied on the false premise that the forfeitable funds were traceable to the Rozenbergs' fraud. Both of Vorobieva's arguments fail.

We review challenges to a district court's subject matter jurisdiction, including questions of standing, *de novo*. *United States v. Davenport*, 668 F.3d 1316, 1319 (11th Cir. 2012).

First, we explain why the district court had subject matter jurisdiction over the forfeiture proceedings in this case. District courts have jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Defendants, like the Rozenbergs, who conspire to commit health care fraud and wire fraud, must forfeit property constituting, or derived from, proceeds of their crime. 18 U.S.C. § 982(a)(2), (7).

When a jury or court finds a defendant guilty of an offense for which the government seeks forfeiture, the district court must determine (1) what property is subject to forfeiture; (2) whether the government has established the "requisite nexus" between any specific property it seeks and the offense; and (3) if the government seeks a money judgment, the amount of money the defendant must pay. Fed. R. Crim. P. 32.2(b)(1)(A). Once the court determines that property is subject to forfeiture, it must enter a preliminary order specifying which property is subject to forfeiture "without regard to any third party's interest in the property." *Id.* 32.2(b)(2)(A). At that point, the Attorney General (or his designee) may seize the property listed in the preliminary order. *Id.* 32.2(b)(3). After the district court enters the preliminary order, it can conduct "ancillary proceedings" and hold a hearing to determine whether any third parties who file a timely claim have an interest in the forfeited property. *Davenport*, 668 F.3d at 1320. After any ancillary proceedings, the district court must enter a final order of forfeiture in the criminal case, amending the preliminary order to account for any property that third parties have an interest in. Fed. R. Crim. P. 32.2(c)(2).

District courts "have jurisdiction to enter orders" in ancillary forfeiture proceedings "without regard to the location of any property . . . which has been ordered forfeited." 21 U.S.C. § 853(l), (n); *see* 18 U.S.C. § 982(b)(1). And Vorobieva's claim was litigated through an ancillary proceeding because she was a third party to the criminal case against the Rozenbergs who challenged the district court's preliminary forfeiture order based on her interest in

the forfeitable property (money in the Synovus account). *See Davenport*, 668 F.3d at 1320. So, here, the district court had jurisdiction to enter the order denying Vorobieva's third-party claim.[1]

Next, we turn to Vorobieva's claim that the government falsely stated that certain funds in the Synovus account were traceable to the Rozenbergs' fraud. As an initial matter, Vorobieva lacks standing to challenge the forfeitability of such funds. *See Davenport*, 668 F.3d at 1321. Federal law bars third-party claimants like Vorobieva "from intervening in a trial or appeal of a criminal case involving the forfeiture of the subject property, as well as commencing an action against the Government concerning the validity of an alleged interest in the property." *Id.* at 1320 (citing 21 U.S.C. § 853(k)). And Vorobieva cannot try to relitigate the forfeitability of property through an ancillary proceeding. *See id.* Vorobieva can only prevail by showing that she has a right, title, or interest in the forfeited property, 21 U.S.C. § 853(n)(6), because regardless of "whether there were defects in the criminal [proceedings] or the forfeiture process . . . [,] if the property does not belong to [Vorobieva], such defects in the finding of

---

[1] Because the court denied Vorobieva's claim through an ancillary proceeding, her argument that the district court lacked subject matter jurisdiction because she was not indicted by a grand jury or otherwise named in any criminal proceeding lacks merit. *See Davenport*, 668 F.3d at 1320 (explaining that ancillary proceedings are how a third party, not the criminal defendant subject to the forfeiture order, can establish entitlement to the return of forfeited property).

forfeitability are no concern of hers," *Davenport*, 668 F.3d at 1320 (quotation omitted) (alteration adopted) (holding that a third-party lacked standing to challenge a preliminary forfeiture order's determination of forfeitability).    Given that Vorobieva lacks standing to relitigate the forfeitability of the Synovus Bank funds, we do not reach the merits of her claim that such funds are not traceable to the Rozenbergs' fraud.

## III.    Conclusion

For the above reasons, the district court had subject matter jurisdiction and Vorobieva lacked standing to challenge the district court's forfeitability determination.  Accordingly, we affirm.

**AFFIRMED.**